Thank you. Please be seated. The first case of the afternoon is People v. Serrato-Perez. And for the appellant, Ms. Linares. And for the appellee, Mr. McNeil, I should advise you that Justice Connect is on the panel for today but is ill, so he will be listening to the oral arguments tomorrow when they get online. All right. You may proceed. Good afternoon, Your Honor. May it please the Court, Counsel. My name is Stephanie Linares. I represent the defendant appellant, Mr. Serrato-Perez, on behalf of the law firm Roche & DiCastro. The case before us today, there are two main issues which we argue in our brief. The first issue is that the defendant appellant was denied the effective assistance of counsel. Our second issue is that the State failed to prove beyond a reasonable doubt that the defendant possessed 60.2 grams of cocaine with the intent to deliver, where there was no other indicia of intent to deliver. Going to our first issue, that the defendant was denied effective assistance of counsel, a claim of ineffective assistance of counsel is judged according to the two-prong test that is set out in Strickland v. Washington. The first prong is that the defendant must show that the defense counsel's performance was professionally deficient, namely that the counsel's representation fell below an objective standard of reasonableness. The defendant also must show that he suffered a prejudice as a result of the deficient performance, and a prejudice occurs when there is a reasonable probability that the outcome of the case would have been different. There are several instances in this case where the defendant's counsel's performance fell below the objective standard of reasonableness. The defense counsel was ineffective by failing to support his burden on the motion to suppress by not addressing applicable Fourth Amendment issues. The other instance is defense counsel was ineffective by also failing to object to the defense counsel's assertion that the defendant was guilty of the lesser included offense of possession of a controlled substance, and failed to object to jury instructions which did not refer to the lesser included offense. Going to our first instance where the defense counsel was ineffective in failing to support his burden on the motion to suppress,  there are three cases and issues which the defense counsel failed to address in the motion. First issue is at the length of the stop. The defendant argues in his motion that there was no probable cause to pull over the defendant based on an Illinois Vehicle Code violation, namely that the license plate was not affixed to the front of his vehicle.  There was a canine sniff as part of this traffic stop, which the defendant's counsel did not address. There is case precedent established prior to this case where it is clear that if the license plate is affixed behind the windshield of a vehicle, it is considered not in a clearly visible position, and that is what the defense main argument was. So it is clear that he did not research case precedent before arguing his motion, because it would have clearly established that this was probable cause to pull over the vehicle. Was or was not? There was probable cause to pull over the vehicle based on the traffic violation, and case precedent established that placing a license plate behind the windshield is a violation of the statute. What the defendant's counsel did not address was the length of the stop. The officer had testified that the canine had come to the scene. He was either already there or came to the scene shortly thereafter. The defense counsel did not question what the length of time was. And according to Cabayas, if the officer issues a warning ticket to the driver, the stop can become unlawful if it is unreasonably prolonged beyond the time required to complete that mission. We don't know anything that happened with the stop. He did not question the officer. There has been case law where as short as ten minutes could have been an indicator of whether or not that stop was unreasonably prolonged. Isn't there a vacuum here in terms of what the evidence is? Doesn't that then work against you? Because you have to establish the prejudice in an ineffective assistance claim. So if there's no evidence as to the length of the stop, how can you establish the prejudice? Right, well there was no evidence because the defense counsel failed to address that. And we are saying that because he failed to investigate and failed to do a thorough investigation of what those facts were during the motion to suppress, we don't have a record to look to. And there was other instances where the canine did the sniff of the vehicle and there was no questions regarding whether the reliability of the canine was established. And these are issues that are very pertinent to a case in this manner where a vehicle is pulled over with drugs inside the vehicle and one driver. And none of that was questioned. Counsel, in regards to the canine sniff and the analysis, you cite Florida v. Harris as the appropriate analysis here for the court to view the, I guess, the credentials. According to your brief, you referred to it as the credentials and reliability of the canine, right? That's correct. Okay, so the suppression hearing occurred in 2012. Florida v. Harris was decided in 2013. If we're looking at an ineffective assistance claim, wouldn't you have to establish what the state of the law was at the time of the suppression hearing to argue that, given the state of the law at that time, the trial court would have ruled in your client's favor? How can you refer to a 2013 case in support of what the analysis was? Well, the judge in the motion to suppress during his ruling pointed to, didn't specifically point to that case, but he did point... Well, he couldn't because it wasn't yet decided. It was in the Supreme Court at the time. And if the judge was aware of that case being in the Supreme Court at the time, the defense attorney should have been aware of what was going on in that case. Granted, the decision was not reached yet, but the facts that were available to him were also available to the judge. And in the judge's ruling, he had mentioned that the credentials of the canine were not brought to the attention of the court. So it was available, although not to a decision. Either way, the defense attorney had the opportunity to question the credibility and reliability of the canine, and he did not. Well, I think you have to put aside Florida v. Harris. Did Florida v. Harris basically... Was it a continuation? Was the holding consistent with what the law was in Illinois in regards to credibility and reliability of a canine? I mean, what was the state of the law at the time of the suppression hearing in regards to credibility and reliability... Well, I don't want to say credibility. Credentials and reliability of a canine. Well, at that time, I believe that the canines did have to go through a... They did have to be approved and go through licensing and training. As to your specific question, I would have to look into that further. However, the defense still had the availability to question whether or not the canine was reliable by going through logs, determining whether there was probable cause to determine if the canine was capable of sniffing and what his past reliability was. In regards to the times that he did sniff correctly and the times that he did not sniff correctly. That was available prior to Florida v. Harris. But there's other issues that the defense counsel failed to recognize. And those were specific to this particular case because the canine was involved. Defense counsel was also ineffective by failing to object to and forward to the expert witness, Officer Beckman, that was presented during the trial. The expert witness testimony was very persuasive to the determination of the jury trial at the end because it based his expert opinion on whether the drugs were packaged for delivery and whether the amount of drugs were sufficient for intent to deliver. The defense counsel did not object to the admission of the expert witness. And moreover, it didn't even quadeer in front of the jury any of the credentials of the expert witness. In addition, the defense counsel failed to argue that the defendant could be found guilty of the lesser included offense of possession of a controlled substance and failed to object to jury instructions which did not refer to the lesser included offense. It's unreasonable for a counsel to fail to tender instructions that permit the jury to resolve disputed issues of fact essential to the jury's determination of guilt or innocence of the crime charged. If the defendant chooses to forego the opportunity to tender the lesser included offense, the defendant might be passing up an important third option to a jury which, believing that the defendant is guilty of something but uncertain whether the charge of offense has been proved, might otherwise convict or acquit the defendant of the greater offense. In this case, the defendant was charged with a Class X of possession with intent to deliver 15 to 100 grams of cocaine that carries a sentence of 6 to 30 years. In this case, the defense is a Class I which carries a sentence of 4 to 15 years and is also probationable. By not tendering that jury instruction, the defense counsel inevitably waived the opportunity for the defendant to be charged of a lesser crime. And if there is a question of fact as to whether the defendant intended to deliver the contraband, the defendant is entitled to the instruction of simple possession. In this case, the defendant was pulled over in a vehicle carrying 60.2 grams of cocaine. There is no other indicia of intent to deliver other than the amount of the cocaine itself. There is no statement. There is no surveillance. There is no proof of him delivering or receiving the cocaine. There is no weapons, money, or drug paraphernalia in the vehicle that would suggest that the defendant had intended to deliver that cocaine. And so giving the jury the option of the straight possession of cocaine would have been a more reasonable option than acquittal or guilty. So that is another instance where we believe that the defense representation fell below the objective standard of reasonableness. And although maybe not one of these alone would establish prejudice, we argue that the cumulative effect of all of these inefficiencies together would show that the defendant was prejudiced in his motion to suppress and in the jury trial. And so for that reason, this would warrant reversal of the case. The next issue, the state failed to prove beyond a reasonable doubt that the defendant possessed 60.2 grams of cocaine with the intent to deliver where there is no other indicia of intent to deliver. As I stated previously, the defendant was arrested based on his possession of 60.2 grams of cocaine. And there was nothing else to indicate that he had intended to deliver that cocaine. The state arrested... Isn't it a fact that this 60 ounces was broken off in a block? In other words, it hadn't been cut yet. It was not cut. It was packaged in one singular bag. It wasn't individually packaged. Well, that wouldn't happen until after you added the cut to it. Isn't that correct? Well, that's speculative. He could have purchased it that way and then used it for his own personal use. And it was not packaged individually which would have been indicative of his intent to sell it. However, that was not the case. The state rests their argument on the fact that there is no paraphernalia in the vehicle that would suggest that the defendant was going to use drugs personally. However, the drugs recovered was a powdered cocaine substance. Powdered cocaine substance is typically ingested without the use of any drug paraphernalia. The other argument that the state rests their case on is that the expert witness testimony of Officer Beckman testified that the amount of cocaine was beyond what would be personal use. And as we argued before, the expert testimony, the defense counsel should have objected to the admitting of the expert in the broad category of narcotics interdiction and narcotics packaging. He didn't do that and so the evidence was presented to the jury. However, this is based on a biased opinion. The officer was directly involved with the arrest and was invested in the outcome of the case. And so beyond that, there is no statement, there is nothing that would indicate beyond the amount that the defendant was intending to deliver that cocaine. And going along with that, there is the availability of the statute for simple possession between 15 and 100 grams. So if we're saying that the amount, which is what the expert witness has indicated, if the amount of 60.2 grams alone is indicative of intent to deliver, then it would be a per se statute. We wouldn't even acknowledge the Class I of 50 to 100 grams because then at what point do we determine the amount or quantity of drugs being recovered as automatic intent to deliver. So based on that, Your Honors, the defendant was denied the effective assistance of counsel. He was denied his process of law in violation of his constitutional rights. And the trial court's defense counsel performance fell below the reasonable standards. Thereby the defendant was prejudiced. The state also failed to prove beyond a reasonable doubt that Serrato Perez possessed cocaine with the intent to distribute. For these reasons, the defendant's conviction must be reversed and the matter remanded for a new hearing on the motion to suppress evidence in a new trial. Thank you. You'll have additional time on rebuttal. Thank you. Mr. McNeil. Please support. As for the ineffective assistance of counsel argument, all of counsel's decisions in the proceedings can be attributed to trial strategy. At the motion to suppress, the two arguments are that he should have raised the issue of an impermissibly prolonged stop and that he should have raised the issue of the canine's reliability or credentials. Nothing in the record suggests that either of these issues should have been raised. Of course, the presumption of counsel's effectiveness weighs towards counsel's performance being objectively reasonable, not the other way around. The defendant seems to argue that the issues of an impermissibly prolonged stop and canine reliability should have been raised just automatically at the motion to suppress hearing when the no evidence suggests that either argument should have been raised. In fact, what little evidence of either one we do have suggests the opposite. For the impermissibly prolonged stop, the only testimony or evidence that would establish any sort of time frame was Deputy McAllister testifying. When defense counsel asked if the other patrol cars, including the canine unit, were at the scene prior to initially talking to defendant, McAllister testified, I don't recall if they had pulled up by the time we went up to speak with him or not. If they did not, it would have been shortly after that. Of course, bear in mind that this is when McAllister initially went up to talk to defendant. That's the beginning of a traffic stop. A routine traffic stop would include talking to defendant, getting his information, running a quick check. All of these things are well settled that can be done in a routine traffic stop. It's also well settled that a canine sniff within the time frame of a routine traffic stop does not impermissibly prolong that stop. If there needed to be a conclusion drawn from the evidence, it would be that there was no impermissibly prolonged stop. Of course, counsel's refrain from raising that issue would be objectively unreasonable. Same for the credentials of Quinty, which was the canine officer. Florida of Harris, Florida of D. Harris isn't too much help. The holding there is basically that you don't need a checklist, any sort of objective checklist to prove a canine's reliability. That isn't too applicable here. At trial, Quinty's handler testifies extensively to the canine's certifications, his experience, his reliability. Presumably, if defense counsel did want to raise this argument, even though there was no evidence to suggest he should have, he would have raised the argument of Quinty's reliability. At the motion to suppress, presumably the same handler would have testified the same way. There's no evidence to suggest Quinty was unreliable. Or not certified. He was extensively trained and certified with multiple certification courses.  Mr. McNeil, you've decided also to... the brief for the state cites the Florida of D. Harris. You've heard my questions as to the closing counsel. Do you think Florida of D. Harris is even relevant? As far as this case goes, no. If it would be, if you want to take any analysis from it at all, it basically had to deal with Florida's, Florida had a checklist. No, but can it even be used in this case, given that... As far as, for an ineffective assistance of counsel argument, no. Okay. There can be no prejudice, especially not relying on that case, because that case, the opinion didn't exist at that time. The next ineffective assistance issue was counsel's decision to refrain from asking the state's expert. Officer Beckman testified as an expert in narcotics interdiction and concealment and packaging. During voir dire, defendant did not ask any additional questions to Officer Beckman. Officer Beckman did testify extensively to his training. He had extensive experience and training in narcotics enforcement and concealment and packaging. He taught courses in that field, and he had previously qualified as an expert in that field. Defendant doesn't suggest any other questions or additional questions that would have swayed the trial court's opinion on his expertise. So, again, there seems to be an argument that everything should be challenged automatically, which obviously isn't a presumption when you're analyzing the effectiveness of counsel. So here, this was sound strategy. Any other questions, the jury was present. Any other questions would presumably give Beckman another opportunity to go over his expertise and experience and bolster his credibility in the jury's eyes. So it seemed to be sound trial strategy to not ask any additional questions. So defendant wasn't prejudiced here, and that decision wasn't objectively unreasonable either. Finally, for the lesser-included offensive instruction, this is the perfect example of trial strategy because it was the strategy and theory throughout the case that the defendant didn't knowingly possess any amount of cocaine. It had nothing to do with the amount of cocaine in the car. In fact, counsel even argued at closing that the amount of cocaine was irrelevant because the defendant didn't know about any amount of cocaine. There's a presumption here. People v. Medina cited it in the state's brief. Whereas here, no lesser-included offense instruction is tendered and a defendant is not exposed to additional criminal liability, it may be assumed that the decision not to tender was defendant's after due consultation with counsel. It's a good presumption to make because offering a lesser-included instruction exposes defendant to a compromise, I guess, from the jury, exposes him to being convicted of an uncharged offense. Here, it would also fly completely in the face of his theory throughout that he didn't knowingly possess any amount of cocaine. So, this was a classic option of all or nothing, either acquittal or guilty of possession with intent. Presumably, to give the jury an option for a compromise just wouldn't fit the theory of the case. Of course, there can be no cumulative effect. All of counsel's decisions were sound trial strategy. So, there was no ineffective assistance to counsel here. As for the sufficient evidence argument, there was sufficient evidence for the defendant's intent to deliver beyond reasonable doubt. Beckman testified in his expert opinion that the amount of cocaine recovered from the defendant's car was too much for personal consumption and wasn't considered an amount for distribution or sale. Beckman also testified that the form and purity of the cocaine was broken off of a brick and had not been cut or diluted with a cutting agent yet. This, in his expert opinion, was also indicative of intent to distribute or deliver. Again, the amount that he had was 300 to 600 individual doses worth of around $6,000. There's a couple of well-settled principles here. I cited in People v. Robinson that the quantity of controlled substance alone can be sufficient evidence to prove intent to deliver beyond reasonable doubt and that direct evidence of intent to deliver is rare. So it's usually proven by circumstantial evidence. I also cited in People v. Walensky a First District Appellate Court case that's pretty close factually. There, the defendant possessed 50 grams of cocaine and the Appellate Court stated initially that this was enough by itself. The amount was enough to prove beyond reasonable doubt the intent to deliver. There was other additional evidence that suggested intent to deliver in Walensky, but the trial court noted that even without that, the 50 grams of cocaine by itself was sufficient. Here, there was 60 grams, 20% more than in Walensky. Again, 300 to 600 individual doses worth around $6,000. And also, just like Walensky, there was also additional evidence. This court recently in People v. Johnson, which I did not cite in my brief, but they indicate that one factor as indicative of intent to deliver is the purity of the drug confiscated. Here, there was expert testimony that this was in its purest form, off of a brick, yet to be cut with anything. I have the cite for that if you want it, and I apologize for not citing it earlier. I wouldn't object to any reply. So there was additional evidence, just like in Walensky, of the intent to deliver here, the purity of the cocaine. Looking at all of the evidence and the like, most favorable to the state, as required, for sufficiency of the evidence arguments, there was sufficient evidence to prove the defendant guilty beyond a reasonable doubt of his intent to deliver. Does the court have any more questions? I don't believe so. Thank you. Any rebuttal? Any opposition? May I please see the court? Just a few points, briefly, regarding the state's argument. The state indicated that defense counsel was not ineffective because the decisions that he made were part of trial strategy. Trial strategy is a choice, strategic choices that are made after investigating the law, and therefore are unchallengeable. But the key part of that statement is that after investigating the law. In this case, in the motion to suppress evidence, it's clear that the defense attorney did not investigate the law. It would have been apparent to him that his motion, based on violation of the Illinois Vehicle Code, would have been futile. Instead, he focused on that and refused to focus on any of the other issues that would have been pertinent to this case, and that the judge had mentioned in his ruling for the motion to suppress. In regards to the theory of the amount of cocaine being irrelevant for the matter of possession with intent to deliver. Although that is one point of the total test for intent to deliver, it's not inclusive of all the tests for intent to deliver. And with that said, the theory of... Let me back up. So the state presented the defense or the jury instruction of unlawful possession of intent to deliver, and the defense attorney failed to present the lesser included offense of just straight possession. And state argues that that was the theory of the case, that the amount did not matter. However, the decision not to do that is a strategic decision based on the defense counsel's theory of the case. This is a very fact-ridden case in support of just straight possession, considering that there was no other indicia to indicate that there was intent to deliver.  And as a result, the defendant was not given the opportunity to have a jury decide that he unlawfully possessed without the intent to deliver, which inevitably increased his sentence greatly. He would have had the opportunity to have probation if he was charged on the lesser offense. And for that reason, it is a trial strategy based on thoroughness and research and investigation. And in this case, we are arguing that it was ineffective for him to not include that lesser offense. And state, in regards to our second argument, that they failed to prove beyond a reasonable doubt that the defendant possessed with the intent to deliver, the state cites people, first Walensky. In that case, there was additional evidence. I believe there was $9,000, some paraphernalia associated with cutting, and some chemicals used to dilute the product. There is no case that I was able to find that dealt with this amount of cocaine and did not include any other indicia of intent to deliver where they decided that the amount alone is enough to indicate the intent to deliver. And that's the crux of our argument, is that the cases that do determine that the amount alone is enough to determine the intent to deliver always have other indicia of intent to deliver, whether it's money or weapons or pagers or scales. There was some other element which was not available here. And so that's why we argue that there was no probable cause or it was not beyond a reasonable doubt for intent to deliver. Thank you. Thank you. I take this matter under advisement and stand in recess until the writing is seen.